IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CELESTE M. GONSALVES,<br><br>Plaintiff,<br><br>vs.<br><br>G. TODD WITHY, JEAN MALIA ORQUE,<br><br>Defendants. | CIV. NO. 22-00395 RT-NONE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT AND DENY APPLICATION TO PROCEED IN FORMA PAUPERIS |

**FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT AND DENY APPLICATION TO PROCEED IN FORMA PAUPERIS**

Before the Court is Plaintiff Celeste M. Gonsalves' *Application to Proceed in District Court Without Prepaying Fees or Costs* ("Application"), filed on August 26, 2022. ECF No. 5. Plaintiff also filed her *Complaint* on August 26, 2022. ECF No. 1. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").

After careful review of the Application, Complaint and applicable law, the Court **FINDS** that this Court lacks subject matter jurisdiction and **RECOMMENDS** that the Complaint be **DISMISSED WITHOUT**

**PREJUDICE**. The Court further **RECOMMENDS** that the Application be **DENIED WITHOUT PREJUDICE**.

**DISCUSSION**

Plaintiff is proceeding pro se and seeks the Court's approval to proceed in forma pauperis. The Court is required to construe the pleadings of pro se litigants liberally. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citations omitted); *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003). When a plaintiff seeks to proceed in forma pauperis, the Court must conduct a mandatory screening of the complaint pursuant to 28 U.S.C. § 1915(e). A court may deny the Application at the outset and dismiss the Complaint if it determines from the face of the Complaint that:

(A) The allegation of poverty is untrue; or

(B) The action or appeal--

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(A) & (B). While screening the Complaint, the Court must accept as true the allegations in the Complaint. *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976) (citation omitted).

**A. <u>The Complaint Fails to Establish Jurisdiction</u>**

"At the pleading stage, a plaintiff must allege sufficient facts to show a proper basis for the Court to assert subject matter jurisdiction over the action." *Sidman v. Young Bros., Ltd.*, Civil. No. 15-00049 DKW-BMK, 2015 WL 3965870, at *2 (D. Haw. June 29, 2015) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006)) (citation omitted). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

"Federal courts are . . . of limited jurisdiction [and] possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted). Generally, subject matter jurisdiction may be established by federal question pursuant to 28 U.S.C. § 1331 or diversity of citizenship pursuant to 28 U.S.C. § 1332. Rule 8 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") requires that the Complaint include "a short and plain statement of the grounds for the court's jurisdiction . . . " *Id.*

The pleading does not state on its face any statement of the grounds for federal jurisdiction in this case. The Complaint alleges that "'Defendants' violated Federal Laws in the following Four Counts" before citing to several federal statutes to allege the four claims in this action. ECF No. 1 at PageID #: 1. The Court liberally construes this as Plaintiff's statement of jurisdiction alleging that

this case is properly before this Court under federal question jurisdiction. "The United States Supreme Court has 'long held that '[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Homestreet Bank v. Caba*, Civ. No. 18-00139 DKW-KJM, 2018 WL 2709371, at *2 (D. Haw. May 17, 2018) (citing *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (citation omitted).

Nevertheless, the Court finds that the Complaint fails to allege any claims that are based on federal law. The Complaint lists the following counts: (1) Count I, defamation per se pursuant to 28 U.S.C. § 4101; (2) Count II, unwarranted invasion of personal privacy pursuant to 5 U.S.C. § 552(b)(6) § 801.56 [sic]; (3) Count III, forgery pursuant to 18 U.S.C. § 471; and (4) Count IV, intentional infliction of emotional distress pursuant to 18 U.S.C. § 2340. Although these four counts cite to federal statutes and/or federal regulations, the laws cited do not apply to the allegations and factual claims under these counts. The Court shall address each count in turn.

**1. <u>Count I Fails to Establish Federal Question Jurisdiction</u>**

In Count I, Plaintiff incorrectly cites to 28 U.S.C. § 4101 as the basis for her defamation claim. Section 4101 is the definition section of Chapter 181, foreign judgments, and merely defines defamation:

> [A]ny action or other proceeding for defamation, libel, slander, or similar claim alleging that forms of speech are false, have caused damage to reputation or emotional distress, have presented any person in a false light, or have resulted in criticism, dishonor, or condemnation of any person.

28 U.S.C. § 4101. Chapter 181 addresses the recognition of foreign defamation judgments in domestic courts. Section 4101 itself defines defamation, but does not create a basis for a cause of action. *See* 28 U.S.C. § 4102. "Simply put, while an individual's interest in his reputation is a basic concern, its reflection in the laws of defamation is solely a matter of State law." *Mazzella v. Philadelphia Newspapers, Inc.*, 479 F. Supp. 523, 528 (E.D.N.Y., 1979) (citing *Gertz v. Robert Welch*, *Inc.*, 418 U.S. 323, 342 (1974)). Further, the Complaint does not state that Plaintiff has a foreign judgment for defamation. Instead, it is clear that Plaintiff is seeking a judgment in this court that the Defendants committed defamation. Plaintiff's reference to 28 U.S.C. § 4101 is therefore misplaced and thus, the allegations and statute cited in Count I does not establish federal question jurisdiction.

**2. <u>Count II Fails to Establish Federal Question Jurisdiction</u>**

In the second count, the Complaint cites "5 U.S.C. § 552(b)(6) § 801.56 [sic]" and alleges that defendants committed "Invasion of Privacy in Three Torts . . . Intrusion . . . False Light . . . Public Disclosure." ECF No. 1 at PageID #: 3. There is no such statute as "5 U.S.C. § 552(b)(6) § 801.56." The Court liberally construes the Complaint to mean that Count II is brought under 5 U.S.C. § 552(b)(6) and 49 C.F.R. § 801.56. Under 5 U.S.C. § 552(b)(6):

> (b) This section does not apply to matters that are –
>
> . . .
>
> (6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy[.]

*Id.* In general, section 552 governs, among other things, what information should be made available to the public by a United States government agency (5 U.S.C. § 551(1)). In specific, section 552(b)(6) staes what information should not be made available to the public by the agency.

Under 49 C.F.R. § 801.56:

> § 801.56 Unwarranted invasion of personal privacy.
>
> Pursuant to 5 U.S.C. 552(b)(6), any personal, medical, or similar file is exempt from public disclosure if its disclosure would harm the individual concerned or would be a clearly unwarranted invasion of the person's personal privacy.

*Id.* This section applies to the organization, function and operation of the National Transportation Safety Board. *See* 49 C.F.R. § 800.1.

> The National Transportation Safety Board is an independent federal agency charged by Congress with investigating every civil aviation accident in the United States and significant accidents in other modes of transportation – highway, marine, pipeline, and railroad.

NTSB | NATIONAL TRANSPORTATION SAFETY BOARD, https://www.ntsb.gov/Pages/home.aspx (last visited Sept. 30, 2022). The claims in Count II are all related to Plaintiff's allegations that the Defendants obtained and disclosed Plaintiff's "City & County Section 8 Records." ECF No. 1 at PageID #: 3. However, the Complaint does not identify any of the Defendants as a United States government

agency subject to 5 U.S.C. § 552 or as part of the National Transportation Safety Board subject to 49 C.F.R. § 800.1. Accordingly, these federal rules are not applicable to Count II and do not create federal question jurisdiction in this case.

**3. Count III Fails to Establish Federal Question Jurisdiction**

Count III alleges that Defendants committed forgery pursuant to 18 U.S.C. § 471. This statute states:

> § 471 Obligations or securities of United States
>
> Whoever, with intent to defraud, falsely makes, forges, counterfeits, or alters any obligation or other security of the United States shall be fined under this title or imprisoned not more than 20 years, or both.

*Id.* Section 471 is a criminal statute. *See U.S. v. Galardi*, 476 F.2d 1072, 1078 (9th Cir. 1973). A civil complaint cannot state a criminal violation. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (citation omitted). Further, Plaintiff is unable to bring a criminal case as "federal criminal law [can] be enforced only by a federal prosecutor, not by any private party." *See DeAlcantara v. Shigemura*, Civ. No. 16-00586 JMS-KSC, 2016 WL 6518618, at *2 (D. Haw. 2016) (citation omitted). In addition, "criminal provisions . . . provide no basis for civil liability." *Aldabe*, 616 F.2d at 1092. Accordingly, Count III may not be brought under 18 U.S.C. § 471 and thus, Count III does not establish federal question jurisdiction.

**4. Count IV Fails to Establish Federal Question Jurisdiction**

Count IV alleges that Defendants committed intentional infliction of emotional distress pursuant to 18 U.S.C. § 2340. Plaintiff alleges suffering from

"severe emotional distress and emotional injury" from the "false, defamatory and libelous statements" made by the Defendants. ECF No. 1 at PageID #: 4. Plaintiff does not allege that Defendants have committed torture, but 18 U.S.C. § 2340 is the definition section for the section 2340A, which sets forth torture as a criminal offense. Section 2340 states in relevant part:

> As used in this chapter—
>
> (1) "torture" means an act committed by a person acting under color of law specifically intended to inflict severe physical or mental pain or suffering (other than pain or suffering incidental to lawful sanctions) upon another person within his custody or physical control;
>
> (2) "severe mental pain or suffering" means the prolonged mental harm caused by or resulting from—
> (A) the intentional infliction or threatened infliction of severe physical pain or suffering.
> (B) the administration or application, or threatened administration or application, of mind-altering substances or other procedures calculated to disrupt profoundly the senses or the personality;
> (C) the threat of imminent death; or
> (D) the threat that another person will imminently be subjected to death, severe physical pain or suffering, or the administration or application of mind-altering substances or other procedures calculated to disrupt profoundly the senses or personality . . .

18 U.S.C. § 2340(1) & (2). Section 2340 is a section under Chapter 113C of Title 18, Crimes and Criminal Procedure. Chapter 113C sets forth: torture as a criminal offense, the punishment for committing or attempting to commit torture, and the jurisdiction of the courts over the alleged offender. 18 U.S.C. § 2340A. Section 2340 is a criminal statute, a civil complaint cannot state a criminal violation and a

criminal law can only be enforced by a federal prosecutor. *Aldabe*, 616 F.2d at 1092; *DeAlcantara v. Shigemura*, 2016 WL 6518618, at *2. Accordingly, 18 U.S.C. § 2340 is not applicable to Plaintiff's claim of intentional infliction of emotion distress and does not establish federal question jurisdiction.

**5. <u>The Complaint Should Be Dismissed Without Prejudice for Lack of Subject Matter Jurisdiction</u>**

Plaintiff failed to state the grounds for this Court's jurisdiction in the Complaint as required by Fed. R. Civ. P. 8. The Court may dismiss a complaint for failure to comply with Rule 8. *See Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1129 & 1131 (9th Cir. 2008). Further, to determine whether an action arises under federal law, the court applies the "well-pleaded complaint rule" where the federal question must be present on the face of the Plaintiff's properly pleaded complaint. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009) (citations omitted). Even liberally construing the Complaint, the factual allegations in this action fails to establish federal question jurisdiction. Lastly, although the Complaint cites to federal law, none of the federal statutes or regulations apply to Plaintiff's claims. This Court thus finds that it lacks federal question jurisdiction over this matter.

This Court also lacks diversity jurisdiction over this matter pursuant to diversity of citizenship pursuant to 28 U.S.C. § 1332. In order to remove based on diversity, there must be complete diversity of citizenship between the parties

opposed in interest and "the matter in controversy [must exceed] the sum or value of $75,000, exclusive of interests and costs[.]" 28 U.S.C. 1332(a). The Complaint does not allege that this action was brought pursuant to diversity jurisdiction, but this Court shall liberally construe the Complaint. The Court finds that based on the information in the Complaint, it appears that Defendants are citizens of Hawaii. The Complaint states that "Defendants are officers of Hawaii State Court as Attorney #5975 for G. Todd Withy, and Attorney #4583 for Jean Malia Orque. Defendants have a duty in their legal capacity to abide by Federal and Hawaii State Laws." ECF No. 1 at PageID #: 4. Plaintiff indicates that her address is in Kailua, Hawaii, which also indicates that Plaintiff is a citizen of Hawaii. *Id.* at 1. Because there is no diversity of citizenship, this Court also lacks diversity jurisdiction over this matter.

"Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (citations omitted). The facts and arguments in this action show that the Plaintiff is attempting to bring the claims of defamation, unwarranted invasion of personal privacy, forgery, and intentional infliction of emotional distress. No amendment can cure the Complaint's jurisdictional defect. There are no additional facts that can be alleged to confer this Court with jurisdiction given the federal laws cited and factual allegations stated in the

Complaint. Accordingly, the Court recommends that the district court dismiss this action without prejudice.

**B. <u>The Complaint Fails to Establish Jurisdiction</u>**

Because this Court lacks jurisdiction over this action, Plaintiff may not proceed in forma pauperis. The Court need not reach the issue of whether Plaintiff qualifies to have her fees waived. Nevertheless, the Court finds it necessary to inform Plaintiff that based on this Court's review of the Application, Plaintiff did not submit a fully completed statement regarding her financial status. Plaintiff has not indicated her gross wages, take-home pay, and pay period. If none, then Plaintiff must indicate this information. Plaintiff also indicated that she has other income, but does not indicate the source of money, the amount she received, and expected amounts in the future. Due to the lack of information, it is unclear whether Plaintiff genuinely cannot afford to prepay the costs of initiating this action. Accordingly, even if this Court considered the Application, Plaintiff's request to proceed without prepaying fees or costs should be denied.

**<u>CONCLUSION</u>**

The Court FINDS that it lacks subject matter jurisdiction in this matter and RECOMMENDS that the district court DISMISS the Complaint without leave to amend and DENY the Application without prejudice.

Due to the lack of full consent of the parties under 28 U.S.C. § 636(c), the Clerk of Court is directed to REASSIGN this case to a district judge.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 30, 2022.




Rom A. Trader
United States Magistrate Judge

Civ. No. 22-00395 RT-NONE; *Celeste M. Gonsalves vs. G. Todd Withy, et al.*; Findings and Recommendation to Dismiss Complaint and Deny Application to Proceed in Forma Pauperis